# EXHIBIT B

49D02-2603-PL-011399
Marion Superior Court 2

Filed: 3/2/2026 2:21 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** | **)** | **IN THE MARION CIRCUIT COURT** |
| | **) SS:** | |
| **COUNTY OF MARION** | **)** | **CAUSE NO. 49C01-2603-PL-_____** |

**PHI HEALTH, LLC** )
)
**Plaintiff,** )
)
**vs.** )
)
**ANTHEM INSURANCE COMPANIES, INC.; GENERAL MOTORS LLC; INDIANA STATE POLICE; ARCONIC CORPORATION; BUZZI UNICEM USA INC.; QUANTUM PRIVATE WEALTH LLC; FCA US, LLC; SCHWAN'S SALES CO., INC.; PERDUE FARMS, INC.; ASCENSION HEALTH INC.; FAST PACE MEDICAL CLINIC, LLC; and WRIGHT SERVICE CORP.;**
**Defendants.** )

---

# COMPLAINT

---

PHI Health, LLC ("PHI" or "Plaintiff") brings this complaint to confirm binding arbitral awards against Anthem Insurance Companies, Inc. ("Anthem") as well as certain health benefits plans insured or administered by Anthem (the "Plans") and the Plans' sponsors (the "Companies") for their failure to pay overdue awards issued pursuant to the No Surprises Act governing medical billing. The Plans and Companies are defined in Part III, *infra*.

## I. Introduction

1. Defendants are violating the No Surprises Act ("NSA") and engaging in similar unfair and deceptive trade practices. Rather than Independent Dispute Resolution ("IDR") proceedings being a quick, efficient way to resolve payment disputes between out-of-network providers of emergency services and health plans, Defendants us the NSA to further their crusade to deny, delay and underpay out-of-network providers of emergency medical services. After providers receive low initial payments, providers must jump through the many hoops in the NSA to receive an award of fair compensation. And, once it receives an IDR award, payors like Defendants simply do not pay it or delay payment far beyond the NSA's statutorily-mandated 30-day payment deadline and do not include interest on the late payment. This "low pay, late pay or no pay" scheme often results in providers not receiving fair compensation until many months and sometimes years after the emergency transport occurred, if they ever receive it at all.

2. Defendants, along with other payors, have late-paid or not paid air ambulance operators many millions of dollars in IDR Awards. Defendants are ignoring the law and must be held accountable.

3. PHI therefore applies for a judgment confirming IDR awards and awarding PHI $622,122.01 (the "IDR Award Balances Owed"), in addition to attorneys' fees, costs, and interest.

## II. Parties, Jurisdiction, and Venue

4. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Tempe, Arizona. The air ambulance services provided by PHI were emergency services furnished by a nonparticipating provider of air ambulance services to participants or beneficiaries of group health plans and health insurance coverage and therefore qualify for protection and mandatory payment under the No Surprises Act, including 29 U.S.C. §§ 1185e(a)(1) and 1185f(a).

5. Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem") is a corporation organized under the laws of the state of Indiana. Anthem serves as the Plan Administrator or Third-Party Administrator for health and welfare benefits plans (the "Plans," as defined herein) sponsored or administrated by the Companies (defined herein). Anthem is the authorized agent of every Plan and Company named in this Complaint. Anthem's receipt of notice of this lawsuit was valid notice to all Plans and Companies, and Anthem's participation in the IDR process was participation on behalf of all Plans and Companies. Anthem may be served with process by serving its registered agent for service, C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

**III. Companies and Plans**

6. Defendant General Motors LLC ("General Motors") is a limited liability company organized under the laws of the State of Delaware and authorized to do business in Indiana. General Motors serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the General Motors Health Care Program for Hourly Employees ("General Motors Plan"). General Motors is thus a representative and fiduciary of the General Motors Plan and is sued here in that capacity. General Motors and the General Motors Plan may be served with process by serving Corporation Service Company, 135 North Pennsylvania Street, Suite 1610 Indianapolis, Indiana 46204.

7. Defendant Indiana State Police ("State Police") is a governmental entity organized under the laws of the State of Indiana. State Police serves as a plan sponsor for a health and welfare and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the Indiana State Police Health and Welfare Plan ("State Police Plan"). State Police is thus a representative and fiduciary of the State Police Plan

and is sued here in that capacity. State Police and the State Police Plan may be served with process by serving the Office of the Indiana Attorney General, 302 W. Washington Street, IGCS – 5th Floor, Indianapolis Indiana 46204 and the Superintendent of the Indiana State Police, 100 North Senate Avenue, Indianapolis, Indiana 46204.

8. Defendant Arconic Corporation ("Arconic") is a corporation organized under the laws of the State of Delaware and authorized to do business in Indiana. Arconic serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the Arconic Corp. Group Benefits Plan I ("Arconic Plan"). Arconic is thus a representative and fiduciary of the Arconic Plan and is sued here in that capacity. Arconic and Arconic Plan may be served with process by serving C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

9. Defendant Buzzi Unicem USA Inc. ("Buzzi") is a corporation organized under the laws of the State of Delaware and authorized to do business in Indiana. Buzzi serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the Buzzi Unicem USA Inc. Health and Welfare Plan ("Buzzi Plan"). Buzzi is thus a representative and fiduciary of the Buzzi Plan and is sued here in that capacity. Buzzi and Buzzi Plan may be served with process by serving Corporation Service Company, 135 North Pennsylvania Street, Suite 1610 Indianapolis, Indiana 46204.

10. Defendant Quantum Private Wealth LLC ("Quantum") is a limited liability company organized under the laws of the State of Wyoming and authorized to do business in Indiana. Quantum serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information

and belief, the Quantum Private Wealth LLC Health and Welfare Plan ("Quantum Plan"). Quantum is thus a representative and fiduciary of the Quantum Plan and is sued here in that capacity. Quantum and the Quantum Plan may be served with process by serving Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, Indiana 46835.

11. Defendant FCA US, LLC ("FCA") is a limited liability company organized under the laws of the State of Delaware and authorized to do business in Indiana. FCA serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the FCA US LLC Health Care Benefits Plan for Salaried Non-Represented Employees ("FCA Plan"). FCA is thus a representative and fiduciary of the FCA Plan and is sued here in that capacity. FCA and the FCA Plan may be served with process by serving C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

12. Defendant Schwan's Sales Co., Inc. ("Schwan's") is a corporation organized under the laws of the State of Georgia and authorized to do business in Indiana. Schwan's serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the Employee Benefit Plan for Employees of the Subsidiaries of Schwan's Company ("Schwan's Plan"). Schwan's is thus a representative and fiduciary of the Schwan's Plan and is sued here in that capacity. Schwan's and the Schwan's Plan may be served with process by serving Corporation Service Company, 135 North Pennsylvania Street, Suite 1610 Indianapolis, Indiana 46204.

13. Defendant Perdue Farms, Inc. ("Perdue") is a corporation organized under the laws of the State of Maryland and authorized to do business in Indiana. Perdue serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its

employees and dependents called, upon information and belief, the Perdue Farms Inc Welfare Benefit Plan ("Perdue Plan"). Perdue is thus a representative and fiduciary of the Perdue Plan and is sued here in that capacity. Perdue and the Perdue Plan may be served with process by serving C T Corporation System, 334 North Senate Avenue Indianapolis, IN 46204.

14. Defendant Ascension Health, Inc. ("Ascension") is a corporation organized under the laws of the State of Missouri and authorized to do business in Indiana. Ascension serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the Ascension Welfare Benefits Plan ("Ascension Plan"). Ascension is thus a representative and fiduciary of the Ascension Plan and is sued here in that capacity. Ascension and the Ascension Plan may be served with process by serving Corporation Service Company, 135 North Pennsylvania Street, Suite 1610 Indianapolis, Indiana 46204.

15. Defendant Fast Pace Medical Clinic, LLC ("Fast Pace") is a limited liability company organized under the laws of the State of Tennessee and authorized to do business in Indiana. Fast Pace serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and dependents called, upon information and belief, the FP Urgent Care, LLC Employee Benefits Plan ("Fast Pace Plan"). Fast Pace is thus a representative and fiduciary of the Fast Pace Plan and is sued here in that capacity. Fast Pace and the Fast Pace Plan may be served with process by serving Cogency Global Inc., 150 W. Market Street, Suite 400 Indianapolis, Indiana 46204.

16. Wright Service Corp. ("Wright") is a corporation organized under the laws of the State of Iowa and authorized to do business in Indiana. Wright serves as a plan sponsor for a health and welfare benefits program or group health insurance policy for the benefit of its employees and

dependents called, upon information and belief, the Welfare Plan for Employees of Wright Service Corp. ("Wright Plan"). Wright is thus a representative and fiduciary of the Wright Plan and is sued here in that capacity. Wright and the Wright Plan may be served with process by serving C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

17. General Motors, State Police, Arconic, Quantum, FCA, Schwan's, Perdue, Buzzi Ascension, Fast Pace, and Wright are each a "Company" and collectively the "Companies." Each benefits plan sponsored by a Company will be referred to as a "Plan" and collectively as the "Plans."

18. Each Plan is a health and welfare benefits program or group health insurance policy covering a patient whose transport is at issue in this case, as identified in Exhibit A.

19. Each Plan is a "group health plan" as that term is used in the NSA. *See* 29 U.S.C. § 1185f(a)(3) (ERISA codification of the No Surprises Act, which requires the "group health plan" to pay the out-of-network provider the amount determined under the NSA's procedures). Certain claims are covered by insurance plans purchased on a state or federal insurance marketplace ("Marketplace"). The NSA's codification for those claims is in the Public Health Service Act ("PHSA"), 42 U.S.C. §§ 300gg-111 through 300gg-132.

20. On information and belief, Anthem is responsible for making all payments for claims covered by patients insured by Marketplace plans.

21. On information and belief, each of the Companies is ultimately responsible, under the applicable Plan documents, for making all payments that its sponsored Plan is required to make to or on behalf of the Plan's members.

22. On information and belief, each Company and/or each Plan entered a contract with Anthem to insure and/or provide third-party administrative services on behalf of the Plan. Claims adjudication and payment on behalf of each Plan is performed in Indiana.

23. Companies, Plans, and Anthem will collectively be referred to as "Defendants."

## Jurisdiction and Venue

24. Pursuant to Indiana Trial Rule 75, venue is proper in this county because all or a substantial part of the events giving rise to PHI's claims occurred in Marion County, including Defendants' payment of claims; receiving PHI's notices of open negotiation or independent dispute resolution ("IDR"); participating in open negotiations and IDR, including determining any offers to make in open negotiations or IDR proceedings; receiving notices of IDR awards; and withholding payment of IDR awards.

25. This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here and because PHI's claims arise out of Defendants' contacts with this State.

26. Anthem is formed under the laws of the State of Indiana with its headquarters in Indianapolis, Indiana. It is registered and authorized to transact business in this State.

## Facts Relevant to all Counts

### A. The Importance of PHI's Service.

27. The air ambulance industry plays and integral role in the American healthcare system, and PHI provides an essential service for many Americans. Air ambulances serve as the only lifeline connecting critically ill and injured patients to healthcare, particularly in rural communities. They transport trauma, stroke, heart attack, and burn patients and other emergent cases requiring critical care. Today, at least one quarter of Americans (85 million) cannot access

a Level 1 or 2 trauma center within an hour when emergency care is needed.[1]

28. The delivery of on-demand, life-saving air ambulance services requires substantial investments in specialized aircraft, air bases, technology, personnel, and regulatory compliance systems. As recognized by a bi-partisan group of Senators and Representatives, "When seconds matter, air ambulances have proven to be the best way to care for patients in need."[2]

29. Defendants' calculated and deliberate decision to ignore both their coverage obligations and the IDR process, while at the same time reaping the benefits of the services, on behalf of themselves and the Companies and Plans, is antithetical to the NSA and to the rational and proper functioning of the U.S. healthcare system.

### B. PHI Initiated and Prevailed in the NSA Arbitration.

#### 1. Background on NSA

30. The NSA became effective January 1, 2022. It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute resolution process to determine pricing for all out-of-network emergency air ambulance transports of patients who are covered by commercial health plans.

31. The NSA creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services. In total, the group health plans and health insurer must pay the applicable "out-of-network rate" due for the service, less any cost-sharing amount owed by the patient.

---

[1] https://www.cornellhealthcarereview.org/post/critical-lifelines-air-ambulances-in-rural-america

[2] Estes, Delbene, Bennet, Blackburn Introduce Legislation to Support Ambulances in Rural America, July 30, 2025, https://estes.house.gov/news/documentsingle.aspx?DocumentID=7091.

32. Pursuant to the statute, a group health plan or insurer has 30 days from which the bill for a covered service is transmitted by the provider to pay or deny the claim. 29 U.S.C. § 1185e (b)(1)(C); 29 U.S.C. § 1185f(a)(3)(A). If initial payment is too low, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount. 29 U.S.C. § 1185e (c)(1)(A); 29 U.S.C. § 1185f (b)(1)(A). If the negotiations fail, the provider may initiate the IDR process. 29 U.S.C. § 1185e (c)(1)(B); 29 U.S.C. § 1185f (b)(1)(B).

33. The IDR process is baseball-style arbitration. It requires each side to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. 29 U.S.C. § 1185e (c)(5), 1185f(b)(5). The IDR entity considers both proposed offers and a number of statutory factors, and, and based on those factors, "select[s] one of the offers submitted . . . to be the amount of payment." *Id.*

34. The IDR entity's "determination" is made "binding" by the NSA. The group health plan or insurer must make any additional "payment required" by the determination "directly to the nonparticipating provider **<u>not later than 30 days after</u>** the date on which such determination is made" by the IDR entity. 29 U.S.C. § 1185e(c)(5); 29 U.S.C. § 1185f(b)(5) (emphasis added).

**B. PHI Filed Arbitration and Prevailed, Yet Defendants Refuse to Pay.**

35. PHI followed these steps for each of the transports at issue herein. Defendants received the benefit of air ambulance transports for their beneficiaries during times of emergent medical needs. In many situations, lives were saved or more serious conditions avoided (and thus the costs associated therewith).

36. Each transport concerned a health plan that was administered and/or fully insured by Anthem.

37. For each claim, Anthem sent PHI an "Explanation of Benefits" form (or "EOB") setting forth two initial low underpayments to PHI for the two service codes for the transport at issue and specified the patient's "cost sharing" amount. Because initial payments were deficient, PHI turned to the dispute resolution plan set forth in the NSA, as directed by Anthem in the EOB accompanying the claim.

38. First, PHI timely initiated the open negotiation process through email, as directed by Anthem. In most cases, PHI and Anthem exchanged offers during the "open negotiations process" but were ultimately unable to agree to a fair payment for the claims at issue.

39. When open negotiations failed to occur or to result in an agreement to a fair payment for the claims at issue, pursuant to the NSA, PHI initiated IDR proceedings by submitting a Notice of Initiation through the federal IDR Portal for the transport and service codes at issue. Each IDR proceeding was assigned to a certified IDR entity for decision. Each proceeding resulted in an IDR determination and award that exceeded the sum of the patient's cost-sharing amount and the group health plan or health insurer's prior payment(s) to PHI. Each proceeding therefore resulted in PHI being owed additional payment for the out-of-network transport.

40. Those determinations are issued via Written Payment Determination Notices, which include the "IDR Awards," the results of which are summarized in the attached Exhibit A. Exhibit A shows the amount remaining due and owing to PHI, after accounting for any prior payments and the patients' cost-sharing responsibility. Attached as Exhibit B are the IDR determinations.

41. Anthem, on behalf of itself and the Plans, frequently does not comply with the 30-day payment requirement. When the claim for services is finally paid, Anthem provides low reimbursement, hoping providers will find the IDR process too burdensome, or the provider will

fail in one of the numerous steps in the IDR process and/or miss one of the NSA's strict deadlines. This forces providers to go through the IDR process, which is burdensome and costly, on every transport. Indeed, proof of Defendants' unfair payment practice is reflected by the fact that IDR entities on average have determined that the appropriate price for the transports at issue in this case is ***nearly 340% more*** than what Defendants initially pay.

42. When all of these steps to delay and deny have failed, and PHI finally has a binding determination and award from an IDRE that it should be reasonably compensated for its services, Defendants simply ignore the IDR award. Some of the awards at issue in this proceeding with outstanding balances are months past due. On the occasions when Anthem or the Plans it administers actually do pay, they unreasonably delay payment and do not include interest to account for the time value of the money that has been illegally withheld.

43. Anthem knows it is statutorily required to pay IDR awards within thirty days. However, it does not invest in the compliance systems and personnel needed to meet its obligations under federal law, even now, over four (4) years after the adoption of the NSA. This is because Anthem knows that it, its shareholders, and the health plans it serves, including the Plans and the Companies, profit from lack of compliance and violation of the mandatory payment obligations of the NSA. Anthem knows that the longer it delays or denies payment, the more it earns from the interest and/or investment income generated for its fully insured business. And, with respect to self-funded health plans, Anthem knows it must compete with other companies for the administrative fees those plans generate. By delaying payment or not paying IDR awards, Anthem is able to keep the health plans' claims costs arbitrarily low, thus incentivizing plans to stay with it or using the results to market its services to other health plans.

44. Anthem's practice and policy of failure to timely pay IDR awards has become a widespread business practice. This business practice is evidenced by the numerous unpaid and/or late paid IDR awards at issue in this lawsuit. Upon information and belief, many other emergency service providers are being subjected to the same unfair business practices.

45. The Companies and Plans are aware of the unfair trade practices of Anthem and reap the rewards through lower costs.

46. PHI seeks to enforce the outstanding balances remaining on the IDR Awards. PHI seeks interest on all awards. PHI further seeks post-judgment interest, attorney's fees, costs, punitive damages and equitable relief.

**Count 1: Action for Payment of IDR Awards Under the NSA**
**(NSA 29 U.S.C. § 1185e (c)(6))**
**(against all Defendants)**

47. PHI incorporates by reference the allegations of the preceding paragraphs.

48. No application has been made to the IDR Entity to correct the IDR Awards.

49. The NSA states that a determination of a certified IDR entity "***shall be binding upon the parties involved***" and that payment "shall be made directly to [PHI] ***not later than 30 days after*** the date on which such determination is made" by the IDR entity. 29 U.S.C. § 1185e (c)(6); 29 U.S.C. § 1185f(b)(6); 42 U.S.C. § 300gg-111(c)(5) (emphasis added).

50. More than 30 days have passed since each of the IDR Awards issued, and PHI has not received payment.

51. The IDR Awards are valid and have not been vacated or set aside by any authority, and no grounds exists for vacating, modifying, or correcting the IDR Awards.

52. Thus, the NSA requires Defendants to pay PHI the IDR Award Balance Owed for each transport at issue in this case, and PHI is entitled to final judgment to enforce the IDR

Awards set forth on Exhibit A, including awarding the amount owed on unpaid, partially paid, and late-paid awards plus prejudgment and post-judgment interest.

**Count 2 - Application to Confirm the IDR Award (Federal Arbitration Act) (against all Defendants)**

53. PHI incorporates by reference the allegations of the preceding paragraphs.

54. The IDR Award should be confirmed by judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

55. Defendants agreed to arbitrate these disputes, both expressly and impliedly, by their actions.

56. The IDR process is mandated by federal law, and Defendants invited PHI to participate in the IDR process both through the language on the EOB as well as in communications during open negotiations and active participation in the IDR arbitration.

57. The IDR Awards are valid arbitration awards and have not been vacated or set aside by any authority.

58. No grounds exists for vacating, modifying, or correcting the IDR Awards.

59. Confirmation is not "judicial review" but rather entry of the awards previously rendered. Confirmation of the IDR Awards as set forth on Exhibit A is warranted here.

**Count 3: Enforcement of Arbitration Award pursuant to Indiana Arbitration Act (against all Defendants)**

60. Plaintiff incorporates the allegations of the preceding paragraphs as if fully incorporated herein.

61. This Court should confirm the IDR Awards and issue judgment in PHI's favor pursuant to Ind. Code § 34-57-2-1 et seq.

62. Defendants agreed to arbitrate these disputes by their actions, including inviting PHI to participate in the IDR process through language contained within many EOBs and participating in open negotiation and IDR.

63. The IDR Awards are valid and have not been vacated or set aside by any authority.

64. No grounds exist for vacating, modifying, or correcting the IDR Awards.

65. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI, namely the IDR Award Balance owed.

**Count 4 – Declaratory and Injunctive Relief**
**(against All Defendants)**

66. PHI restates each of the preceding allegations here.

67. An actual, concrete, and justiciable controversy exists among the Parties as it relates to Defendants' obligation to pay the IDR Award Balance Owed, which is thus suited for declaratory relief.

68.

69. Declaratory judgment is appropriate if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration.

70. PHI seeks a declaration that (1) the IDR Awards are binding on Defendants, and (2) that Defendants' conduct in refusing to pay the IDR Awards that have not been vacated in the limited manner permitted under the NSA is unlawful.

71. As a result of the foregoing declarations, PHI will be protected from the many tactics employed by Defendants to delay and deny payments to PHI.

72. Such declarations are proper and necessary under the existing circumstances in order that the Parties may ascertain their rights and obligations.

73. The foregoing declarations, in whole or in part, would settle this ongoing payment controversy and future controversies. Without them, PHI will continue to suffer damages on existing and future claims for services.

**Count 5 – Account Stated**
**(against all Defendants)**

74. PHI incorporates the allegations of the preceding paragraphs as if fully incorporated herein.

75. Defendants received notice of the IDR Awards set forth in **Exhibit B**.

76. Defendants have not disputed this indebtedness and, as a result of their failure to object to the IDR Awards after a reasonable time, an account stated has arisen between Plaintiff and Defendants.

77. There is now past due and owing on the account the sum of $622,122.01 together with interest.

**Jury Demand**

78. PHI demands a trial by jury.

**Request for Relief**

WHEREFORE, PHI respectfully prays for judgment against Defendants for the following damages and relief:

a. Enforcement of all IDR Awards, including entering judgment for the IDR Award Balances Owed, as set forth in Exhibit A as required by federal law under the NSA or, alternatively, the FAA;

b. With respect to the portion of IDR awards unpaid as of the date of judgment, the amount outstanding on each award plus interest or the return on investment realized by Defendants on the amount owed for each IDR award from the 31st day after each decision was issued until the date of judgment;

c. With respect to the portion of IDR awards paid late as of the date of judgment, interest or the return on investment realized by Defendants on the amount owed for each IDR award from the 31st day after each decision was issued until the date

Plaintiffs received payment and then interest on the amount of unpaid interest or investment income that had accrued on the award at the time of payment until the date of judgment;

d. Pre- and post- judgment interest;

e. Attorney's fees, costs of suit, and punitive damages;

f. Equitable relief requiring Defendants to comply with the NSA paying the IDR Award Balances Owed and by paying all future IDR awards within 30 days;

g. Declare that IDR determinations entered in proceedings between PHI and any Defendant are final and binding unless vacated and must be paid within 30 days as required by the NSA; and

h. Any and all additional legal or equitable relief to which PHI may be entitled, and this Court deems just and proper.

Respectfully submitted,

SNYDER MORGAN & KUCHMAY LLP

By: */s/ Jason M. Kuchmay*

Jason M. Kuchmay, #20974-02
4211 Clubview Drive
Fort Wayne, Indiana 46804
Telephone: 574/457-3300
jmk@smk.law
Attorney for Plaintiff

49D02-2603-PL-011399
Marion Superior Court 2
Filed: 3/2/2026 2:21 PM
Clerk
Marion County, Indiana

EXHIBIT
A

| Account | Dispute ID | Date of Service | Claim Number | State | Payer | Plan | Initial payment date | Date of Open Negotiations | Date of IDR Initiation | Decision Date | Written Determination 1 | Amount Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 360600 | DISP-926265 | 4/9/2022 | 2023263 QL0042 | IN | BCBS MO MO BLUN | Centene Blue Cross PPO Blue choice (ACA) | 11/9/2023 | 11/30/2023 | 1/17/2024 | 3/24/2025 | $ 29,754.40 | $ 25,850.02 |
| 394483 | DISP-904758 | 9/2/2023 | 2023259 QA1136 | IN | BCBS IN MD BLUN | Perdue Farms, Inc. (self-funded) | 11/1/2023 | 11/22/2023 | 1/9/2024 | 5/22/2025 | $ - | $ 15,651.48 |
| 394544 | DISP-1014057 | 9/3/2023 | 2023262 QA2001 | IN | BCBS IN IL BLUN | Quantum Private Wealth LLC | 11/22/2023 | 12/27/2023 | 2/13/2024 | 3/5/2025 | $ 34,551.08 | $ 21,223.48 |
| 399527 | DISP-1321673 | 11/10/2023 | 2024008 QA1572 | IN | BCBS IN MI BLUN | General Motors | 3/8/2024 | 3/28/2024 | 5/10/2024 | 2/4/2025 | $ 20,615.04 | $ 16,658.46 |
| 399554 | DISP-10307922 | 11/9/2023 | 2023340 QA0172 | IN | BCBS IN IN BLUN | Indiana State Police | 3/1/2024 | 3/22/2024 | 5/6/2024 | 2/19/2025 | $ 34,468.24 | $ 23,139.78 |
| 405859 | DISP-1603465 | 2/26/2024 | 2024087 QA0369 | IN | BCBS IN MN BLUN | Schwan's Sales Co., Inc. | 5/24/2024 | 6/14/2024 | 7/31/2024 | 5/9/2025 | $ - | $ 10,133.36 |
| 407413 | DISP-1597020 | 3/22/2024 | ######## | IN | BCBS IN GA BLUN | ACA Exchange | 5/24/2024 | 6/13/2024 | 7/30/2024 | 5/9/2025 | $ - | $ 55,284.17 |
| 409856 | DISP-2073805 DISP-2073804 | 5/3/2024 | 2024206E R0831 | IN | BCBS IN PA BLUN | Arconic Corporation | 9/6/2024 | 9/27/2024 | 11/13/2024 | 2/28/2025 | $ 39,028.37 | $ 60,163.89 |
| 416625 | DISP-2529185 | 8/5/2024 | 2024239E R8742 | IN | BCBS IN OH BLUN | Unknown (says "Health Benefit Plan Coverage") | 11/22/2024 | 12/19/2024 | 2/5/2025 | 3/27/2025 | $ 35,601.61 | $ 19,510.33 |
| 421135 | DISP-2599840 DISP-2599842 | 10/10/2024 | 2024293C F4984 | IN | BCBS IN PA BLUN | Unknown (says "Health Benefit Plan Coverage") | 12/13/2024 | 1/2/2025 | 2/18/2025 | 5/9/2025 | $ 29,328.00 | $ 90,434.37 |
| 421361 | DISP-2529819 DISP-2529820 | 10/13/2024 | 2024291F F8550 | IN | BCBS IN PA BLUN | Buzzi Unicem USA, Inc. | 11/13/2024 | 12/19/2024 | 2/5/2025 | 3/4/2025 | $ 35,601.61 | $ 48,513.11 |
| 422494 | DISP-2792260 DISP-2792262 | 10/26/2024 | 2025006E H9640 | IN | BCBS IN MI BLUN | FCA US, LLC | 1/16/2025 | 1/31/2025 | 3/10/2025 | 4/15/2025 | $ 35,601.61 | $ 36,285.37 |
| 427787 | DISP-3094747 DISP-3094748 | 1/20/2025 | 2025029C L0111 | IN | BCBS IN MI BLUN | Ascension Health, Inc. | 2/20/2025 | 3/14/2025 | 4/28/2025 | 5/13/2025 | $ 36,733.40 | $ 68,817.06 |
| 427832 | DISP-3112355 DISP-3112356 | 1/22/2025 | 2025029C H8380 | IN | BCBS IN IN BLUN | Fast Pace Medical Clinic, LLC | 2/13/2025 | 3/18/2025 | 4/30/2025 | 5/22/2025 (A0431) 5/15/2025 | $ 40,269.10 | $ 39,542.85 |
| 428508 | DISP-3193977 DISP-3193979 | 2/1/2025 | 2025037E X3258 | IN | BCBS IN IA BLUN | Wright Service Corp. (self funded) | 3/6/2025 | 3/28/2025 | 5/12/2025 | 5/28/2025 (both) | $ 40,269.10 | $ 38,429.83 |
| 429054 | DISP-3105382 DISP-3105383 | 2/11/2025 | 2025044F S7748 | IN | BCBS IN MI BLUN | FCA US, LLC | 2/13/2025 | 3/17/2025 | 4/29/2025 | 5/15/2025 | $ 16,423.78 | $ 52,484.45 |
| | | | | | | | | | | TOTAL: | | $622,122.01 |

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-1307922

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1307922** and has determined that PHI Health LLC is the prevailing party in this dispute.

Because only one party, PHI Health LLC , submitted an offer and paid the corresponding fees, ProPeer Resources, LLC has determined that the out-of-network payment amount of $103,074.85 offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2023340QA0172 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. ProPeer Resources, LLC did not receive an offer and/or fees from Blue Cross Blue Shield Indiana . As a result, the certified IDR entity has found in favor of PHI Health LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that Blue Cross Blue Shield Indiana is the non-prevailing party in DISP-1307922 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1307922 was PHI Health LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Indiana. The 90-calendar day cooling off period begins on June 10, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2073805

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2073805** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$24,635.52** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024206ER0831 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $24,635.52

Blue Cross Blue Shield of Indiana submitted an offer of $10,126.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of PHI Health, LLC was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of training and experience of the provider, acuity of the participant, good faith efforts to negotiate, and additional information. There was sufficient information provided by the non-initiating party to support participation in good faith negotiations. the level of training and experience of the provider, acuity of the participant, and additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by PHI Health, LLC demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of

the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, PHI Health, LLC is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that Blue Cross Blue Shield of Indiana is the non-prevailing party in DISP-2073805 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2073805 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Indiana. The 90-calendar day cooling off period begins on December 26, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1321673

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1321673** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$20,615.04** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024008QA1572 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $20,615.04

Blue Cross Blue Shield Indiana submitted an offer of $8,877.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Date: 2/4/2025

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 10, 2023, with a pick-up location in Indiana.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield Indiana ("BCBS"), did not provide information or arguments about the NSA factors, and BCBS submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors. On balance, and considering all the evidence including the QPA, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield Indiana is the non-prevailing party in DISP-1321673 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1321673 was PHI Health LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Indiana. The 90-calendar day cooling off period begins on February 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2073804

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2073804** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$39,028.37** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024206ER0831 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,028.37

Blue Cross Blue Shield of Indiana submitted an offer of $16,091.28

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

It is IPRO's determination that the payment amount of $39,028.37 offered by PHI Health, LLC best represents the value of the qualified IDR service at issue in DISP-2073804. IPRO has considered the QPA and all of the evidence submitted by both parties. IPRO finds that the quality and outcomes measurements of the provider that furnished the services is supported by national accreditations, certifications, and training programs; the acuity of the individual receiving services and the complexity of furnishing the services by evidence of pediatric head trauma requiring urgent transfer to trauma services and critical care monitoring/assessment/treatment in route; the air ambulance vehicle type used in transport; the population

density of the point of pick-up; the training, experience, and quality of the medical personnel shown with clinical qualifications, training required by staff, and their scope of care; and good faith efforts seeking a contractual agreement with NIP demonstrates the offer by PHI Health, LLC best reflects the appropriate payment amount for DISP-2073804. Therefore, the offer of $39,028.37 by PHI Health, LLC has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Blue Cross Blue Shield of Indiana is the non-prevailing party in DISP-2073804 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2073804 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of

Indiana. The 90-calendar day cooling off period begins on February 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2529820

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2529820** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$19,411.50** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024291FF8550 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of  $19,411.50

Blue Cross Blue Shields of Indiana submitted an offer of  $6,105.50

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of the initiating party was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of quality and outcomes measurements, level of training and experience, acuity of the participant, ambulance vehicle type, population density, good faith efforts to negotiate, and additional information. There was sufficient information provided by the non-initiating party for additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by the initiating party demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level

of care provided was consistent with the initiating party's offer. Based on the preponderance of information the initiating party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2529820 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2529820 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on March 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**

Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2529819

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2529819** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, ProPeer Resources, LLC has determined that the out-of-network payment amount of $35,601.61 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024291FF8550 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. ProPeer Resources, LLC did not receive an offer and/or fees from Blue Cross Blue Shields of Indiana . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2529819 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2529819 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on March 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1014057

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1014057** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$34,551.08** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2023262QA2001 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $34,551.08

Blue Cross Blue Shield of Indiana submitted an offer of $16,442.06

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC’s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting additional information added significant weight in reaching a payment determination. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shield of Indiana is the non-prevailing party in DISP-1014057 and is

responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1014057 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Indiana. The 90-calendar day cooling off period begins on March 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-926265

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-926265** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$29,754.40** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2023263QL0042 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $29,754.40

Blue Cross Blue Shield Missouri submitted an offer of $3,904.38

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus has reviewed the objection by the non-initiating party and determined this case is eligible for review. Maximus Federal Services, Inc. reviewed the documentation provided by the initiating party in relation to the factors above, including the QPA. Based on the information submitted, Maximus Federal Services, Inc. afforded the most weight to the acuity of the individual receiving the item or service or the complexity of furnishing the item or service to the individual. The initiating party provided credible evidence that reflected heightened patient acuity and/or complexities related to the qualified IDR item or service rendered. The non-initiating party submitted no information demonstrating why their offer was the best

representation of the value of the items/services rendered. Based on the credible evidence submitted, including the QPA, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Missouri is the non-prevailing party in DISP-926265 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-926265 was PHI Health LLC. The initiating party's NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Missouri. The 90-calendar day cooling off period begins on March 24, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2529185

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2529185** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024239ER8742 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Blue Cross Blue Shields of Indiana submitted an offer of $16,091.28

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation provided by both parties in relation to the factors above, including the QPA. Based on the information submitted by both parties, Maximus Federal Services, Inc. afforded the most weight to the acuity of the individual receiving the item or service or the complexity of furnishing the item or service to the individual. The initiating party provided credible evidence that reflected heightened patient acuity and/or complexities related to the qualified IDR item or service rendered. The non-initiating party submitted no credible information within their submission demonstrating why their offer was the best representation of the value of the items/services rendered. Based on the credible

evidence submitted, including the QPA, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2529185 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2529185 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of

Indiana. The 90-calendar day cooling off period begins on March 27, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2792260

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2792260** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025006EH9640 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Blue Cross Blue Shields of Indiana submitted an offer of $12,090.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources, LLC ("PRI™") considered the QPA and all non-prohibited information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI™.

PRI™ finds the evidence submitted by the initiating party, PHI Health, LLC, and outlined below to be the most persuasive evidence in this dispute.

PHI Health, LLC submitted evidence of the patient's acuity and the complexity of providing the service. PHI Health, LLC argued the type of care the patient required was not accounted for in the QPA or Anthem Blue Cross and Blue Shield's offer of payment.

PHI Health, LLC provided evidence of the specific training and experience of the medical personnel who provided this service, and argued the training and experience of the personnel is not accounted for in the QPA or Anthem Blue Cross and Blue Shield's offer of payment.

PHI Health, LLC submitted evidence of the air ambulance vehicle type and clinical capability. The evidence submitted shows an extensive list of the medical equipment available which PHI Health, LLC argues exceeds industry standards.

Anthem Blue Cross and Blue Shield submitted a short document that only included a general discussion of the QPA and a recitation of the NSA factors. However, the NSA factors listed were the non-air ambulance factors, and not the air ambulance factors.

For the foregoing reasons, PRI™ finds that the offer presented by the initiating party, PHI Health, LLC, best represents the value for the service at issue in this dispute.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, ***PRI™*** has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on ***Provider Resources LLC's*** determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2792260 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2792260 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on April 15, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2792262

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2792262** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$18,635.04** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025006EH9640 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $18,635.04

Blue Cross Blue Shields of Indiana submitted an offer of $5,861.28

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources, LLC ("PRI™") considered the QPA and all non-prohibited information submitted by both parties to determine the appropriate out-of-network rate. PRI™ also reviewed the objection submitted by Anthem Blue Cross and Blue Shield. The chart above indicates the type of information submitted by each party and reviewed by PRI™.

PRI™ finds the evidence submitted by the initiating party, PHI Health, LLC, and outlined below to be the most persuasive evidence in this dispute.

PHI Health, LLC submitted evidence of the patient's acuity and the complexity of providing the service. PHI Health, LLC argued the type of care the patient required was not accounted for in the QPA or Anthem Blue Cross and Blue Shield's offer of payment.

PHI Health, LLC provided evidence of the specific training and experience of the medical personnel who provided this service, and argued the training and experience of the personnel is not accounted for in the QPA or Anthem Blue Cross and Blue Shield's offer of payment.

PHI Health, LLC submitted evidence of the air ambulance vehicle type and clinical capability. The evidence submitted shows an extensive list of the medical equipment available which PHI Health, LLC argues exceeds industry standards.

Anthem Blue Cross and Blue Shield submitted a checklist style document. It contained an objection, which PRI™ reviewed. No additional information, arguments or brief were submitted in support of their offer of payment. Accordingly, none of the NSA factors were addressed.

For the foregoing reasons, PRI™ finds that the offer presented by the initiating party, PHI Health, LLC, best represents the value for the service at issue in this dispute.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, ***PRI™*** has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on ***Provider Resources LLC's*** determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2792262 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2792262 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on April 15, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1597020

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1597020** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$59,399.19** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024101731485 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $59,399.19

Blue Cross Blue Shield Indiana submitted an offer of $24,592.67

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the initiating party's credible evidence, the patient’s emergent condition (cardiogenic shock) required rapid air transport to reduce ground transport time and to provide critical care capabilities of the crew during the transport. These factors weigh in favor of a higher reimbursement rate. Thus, the initiating party’s final offer best represents the value of the service as the out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Indiana is the non-prevailing party in DISP-1597020 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1597020 was PHI Health LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Indiana. The 90-calendar day cooling off period begins on May 9, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1603465

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1603465** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$17,205.76** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024087QA0369 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $17,205.76

Blue Cross Blue Shield Indiana submitted an offer of $7,072.40

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the initiating party's credible evidence, the provider transported a patient from a rural area. This factor weighs in favor of a higher reimbursement rate. Thus, the initiating party’s final offer best represents the value of the service as the out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Indiana is the non-prevailing party in DISP-1603465 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1603465 was PHI Health LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Indiana. The 90-calendar day cooling off period begins on May 9, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2599842

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2599842** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$29,328.00** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024293CF4984 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $29,328.00

Blue Cross Blue Shields of Indiana submitted an offer of $9,158.25

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC’s offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2599842 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2599842 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 9, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3094747

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3094747** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025029CL0111 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shields of Indiana submitted an offer of $12,090.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. The non-initiating party also submitted information related to the factors noted above; however, the information that the initiating party provided related to the quality and outcomes measurements of the provider of air ambulance services that furnished the services; the acuity of the individual receiving such services or the complexity of furnishing such services to such individual; the level of training, experience, and quality of the medical personnel that furnished such services; the ambulance vehicle type, including the capability level of such

vehicle; demonstrations of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other; and additional information was given more weight in support of their offer. Thus, based on the information submitted by both parties, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3094747 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3094747 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 13, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3094748

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3094748** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$58,084.10** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025029CL0111 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $58,084.10

Blue Cross Blue Shields of Indiana submitted an offer of $17,705.95

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. Maximus Federal Services, Inc. has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The information that the initiating party provided related to the quality and outcomes measurements of the provider of air ambulance services that furnished the services; the acuity of the individual receiving such services or the complexity of furnishing such services to such individual; the level of training, experience, and quality of the medical personnel that furnished such services;

the ambulance vehicle type, including the capability level of such vehicle; demonstrations of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other; and additional information was given more weight in support of their offer. As the non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the items/services rendered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the items/services under review.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3094748 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3094748 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 13, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3105382

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3105382** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025044FS7748 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shields of Indiana submitted an offer of $12,090.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. The non-initiating party also submitted information related to the factors noted above; however, the information that the initiating party provided related to the acuity of the individual receiving such services or the complexity of furnishing such services to such individual; the training, experience, and quality of the medical personnel that furnished such services; ambulance vehicle type, including the capability level of such vehicle; and additional information was given more weight in support of their offer. Thus, based on the information submitted by

both parties, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3105382 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3105382 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 15, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3105383

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3105383** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$16,423.78** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025044FS7748 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $16,423.78

Blue Cross Blue Shields of Indiana submitted an offer of $5,006.51

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. The non-initiating party also submitted information related to the factors noted above; however, the information that the initiating party provided related to the acuity of the individual receiving such services or the complexity of furnishing such services to such individual; the training, experience, and quality of the medical personnel that furnished such services; ambulance vehicle type, including the capability level of such vehicle; and additional information was given more weight in support of their offer. Thus, based on the information submitted by

both parties, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3105383 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3105383 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 15, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3112356

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3112356** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$15,735.33** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025029CH8380 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $15,735.33

Blue Cross Blue Shields of Indiana submitted an offer of $4,762.29

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. The non-initiating party also submitted information related to the factors noted above; however, the information that the initiating party provided related to the acuity of the individual receiving such services or the complexity of furnishing such services to such individual; the training, experience, and quality of the medical personnel that furnished such services; ambulance vehicle type, including the capability level of such vehicle; and additional information was given more weight in support of their offer. Thus, based on the information submitted by

both parties, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3112356 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3112356 was PHI Health, LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 15, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2599840

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2599840** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$39,028.37** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024293CF4984 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,028.37

Blue Cross Blue Shields of Indiana submitted an offer of $12,090.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC’s offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-2599840 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2599840 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 16, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-904758

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-904758** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$19,461.52** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2023259QA1136 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $19,461.52

Blue Cross Blue Shield Indiana submitted an offer of $8,548.80

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The Initiating Party provided credible information that would demonstrate a higher out-of-network (OON) rate than what the Initiating Party has already been paid. The Initiating Party submitted credible information that the pickup occurred in a rural location, which is a complicating factor that warrants additional payment. Therefore, the total OON payment amount offered by the Initiating Party under this dispute has been selected as the appropriate OON rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Indiana is the non-prevailing party in DISP-904758 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-904758 was PHI Health LLC. The initiating party’s NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Indiana. The 90-calendar day cooling off period begins on May 22, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3112355

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3112355** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$40,269.10** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025029CH8380 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of  $40,269.10

Blue Cross Blue Shields of Indiana submitted an offer of  $12,090.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. The non-initiating party also submitted information related to the factors noted above; however, the information that the initiating party provided related to the acuity of the individual receiving such services or the complexity of furnishing such services to such individual; the level of training, experience, and quality of the medical personnel that furnished such services; ambulance vehicle type, including the capability level of such vehicle; good faith efforts; and additional information was given more weight in support of their offer. Thus, based on the

information submitted by both parties, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3112355 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3112355 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 22, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3193977

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3193977** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$40,269.10** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025037EX3258 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,269.10

Blue Cross Blue Shields of Indiana submitted an offer of $25,430.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. Maximus Federal Services, Inc. has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The information that the initiating party provided related to the quality and outcomes measurements of the provider of air ambulance services that furnished the services; the acuity of the condition of the individual receiving such services or the complexity of furnishing such services to such individual; the training, experience, and quality of the medical personnel that furnished the

air ambulance service; the ambulance vehicle type, including the capability level of such vehicle; the population density of the point of pick-up for the air ambulance and additional information was given more weight in support of their offer. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the items/services rendered. Thus, based on the information submitted, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3193977 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3193977 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3193979

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3193979** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$23,804.73** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025037EX3258 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $23,804.73

Blue Cross Blue Shields of Indiana submitted an offer of $7,204.49

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus Federal Services, Inc. reviewed the documentation submitted by both parties. The initiating party submitted information related to their offer pertaining to the factors noted above. Maximus Federal Services, Inc. has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The information that the initiating party provided related to the quality and outcomes measurements of the provider of air ambulance services that furnished the services; the acuity of the condition of the individual receiving such services or the complexity of furnishing such services to such individual; the training, experience, and quality of the medical personnel that furnished the

air ambulance service; the ambulance vehicle type, including the capability level of such vehicle; the population density of the point of pick-up for the air ambulance and additional information was given more weight in support of their offer. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the items/services rendered. Thus, based on the information submitted, including the QPA and all additional factors considered, Maximus Federal Services, Inc. has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shields of Indiana is the non-prevailing party in DISP-3193979 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3193979 was PHI Health, LLC. The initiating party's NPI is 1033459524 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shields of Indiana. The 90-calendar day cooling off period begins on May 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*